IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Victoria R. Mowbray, on behalf of C.C.M., a minor, | ) ) ) | C/A No. 6:07-819-JFA-WMC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a):

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

The plaintiff, Victoria R. Mowbray, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act on behalf of her minor child, C.C.M. ("the claimant").

I.    Procedural History

The plaintiff applied for SSI on behalf of the claimant on October 6, 2004. The application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on March 6, 2006, and issued a decision on July 28, 2006, concluding that claimant was not disabled. Once approved by the Appeals Council on January 23, 2007, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

The United States Magistrate Judge to whom this matter was referred filed a detailed and comprehensive Report on July 1, 2007. The Magistrate Judge recommended that the Commissioner's decision be affirmed.

The parties were advised of their right to file specific written objections to the Magistrate Judge's Report. The plaintiff filed objections on August 20, 2008. The Commissioner has not responded to those objections; however, the matter now appears ripe for review.

II.     Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's findings and (2) whether the findings were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (1996) (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); it is "more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157, 1157 (4th Cir. 1971). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (citation omitted).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

3

[Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

III.    Discussion

An individual under age eighteen is disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(l). In her objection, plaintiff claims the ALJ erred by considering claimant's impairments under the adult listing 12.04 rather than evaluating claimant as a child under 112.02 B2. Plaintiff argues that evaluation of claimant under 112.02 B2 would show claimant has:

> (b) marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; and
>
> ***
>
> (d) marked difficulties in maintaining concentration, persistence or pace.

After a review of the record, the court finds that substantial evidence supports the Commissioner's decision to deny benefits. The court has reviewed the administrative records, including the transcript of the hearing, the medical records and other evaluations and finds the records provide substantial evidence to support the ALJ's finding that claimant did not meet the requirements in subsection B2 above. Claimant's lack of marked impairment in social functioning and in maintaining concentration, persistence or pace is evidenced by claimant's success in both pre-kindergarten and Head Start (Tr. 183), the December 2004 teacher's questionnaire noting claimant had no problems acquiring and using information or

4

attending and completing tasks (Tr. 124 – 31), his ability to get along with his younger sister and relatives other than his brother (Tr. 44 – 45), his ability to ride the school bus with other children without incident (Tr. 45 – 46), his mother's description of him in November 2004 as a "pretty happy child most of the time," who "enjoyed riding his bike and playing games such as hide and seek" (Tr. 184), and his physician's note that he did not have academic problems at school (Tr. 185).

Because there is substantial evidence that supports the Commissioner's decision that plaintiff was not disabled within the meaning of the Act, the Commissioner's decision must be affirmed.

IV.   Conclusion

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, the court finds the Magistrate's Report provides an accurate summary of the facts and law in the instant case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. Plaintiff's objections are overruled. For the reasons set out hereinabove and in the Report of the Magistrate Judge, the Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 2, 2008                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

5